IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| QUOC TRAN QUANG LE §<br>§<br>*Petitioner*, §<br>§<br>v. §<br>§<br>KRISTI NOEM, in her official capacity as §<br>Secretary of the Department of Homeland §<br>Security; TODD LYONS, in his official §<br>capacity as Acting Director of Immigration and §<br>Customs Enforcement; MARCOS CHARLES, §<br>in his official capacity as Acting Director of §<br>ICE Enforcement and Removal Operations §<br>PAMELA J. BONDI, in her official capacity as §<br>Attorney General of the United States; and §<br>ALEXANDER SANCHEZ, in his official §<br>capacity as Warden of the IAH Secure Adult §<br>Detention Center, §<br>§<br>*Respondents*. § | CIVIL ACTION NO. 9:26-CV-00090<br>JUDGE MICHAEL J. TRUNCALE |

## **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Quoc Tran Quang Le (Le)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### **I. BACKGROUND**

Petitioner Quoc Tran Quang Le is a Vietnamese national who was ordered removed from the United States in 2003. [Dkt. 1 at ¶¶ 12, 14]. In January 2026, United States Immigration and Customs Enforcement ("ICE") detained Le. *Id.* at ¶ 17. Prior to his arrest, Le had been on supervised release pursuant to his removal order. *Id.* at ¶ 16.

On February 5, 2026, Le brought a habeas corpus petition. [Dkt. 1]. He claims that his detention violates the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United

---

[1] 8 U.S.C. § 1101 et seq.

States Constitution. *Id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Post-Removal Detention

Because Le has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention lasting six months or less is presumptively valid. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). If an alien is detained for more than six months post-removal, the government must demonstrate a "significant likelihood of [deportation] in the in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Le argues that, because he has been subject to a removal order since 2003, he has been "constructively" detained for longer than six months. Le's argument is misplaced. Although an alien subject to a removal order may be in "custody" even if not physically confined, custody and detention are distinct concepts.[2] To raise a constitutional challenge under *Zadvydas*, an alien must be physically confined for six months or longer. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Here, Le has been detained for only two months. Accordingly, his challenge

---

[2] Le cites *Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) in support of his argument. However, the *Rosales* court merely held that an alien subject to a final removal order is "in custody" such that he has standing to pursue habeas relief. *See* 426 F.3d at 735. It did not hold that an alien subject to a final removal order but not in physical confinement is "detained" for *Zadvydas* purposes. *See id.*

is premature. *See id.*

## IV. CONCLUSION

It is therefore **ORDERED** that Le's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 10th day of March, 2026.**

Michael J. Truncale
United States District Judge